# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MARIE MINICHINO, AND AS TRUSTEE OF GAETANO TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>MANANA SUTIDZE, DAVID SUTIDZE, WILLIAM AND JOANN CATERINA, SHAKA PIZZA, COLDWELL BANKER, PREVIEWS INT., SHORE TO SHORE REALTY, AND INC., WELLS FARGO BANK, N.A., PETER STONE, CARMALITA OMLI, AKA TAGORDA, AKA MARTINEZ, AL IMAMURA, PRESIDENT AND PRINCIPLE BROKER, SHORE TO SHORE REALTY, ROBERT CELLA, BROKER, COLDWELL BANKER, FIRST AMERICAN TITLE, ISLAND TITLE, YVIENNE PETERSON, WINDEMERE REAL ESTATE, CO., YURIKO SUGIMURA,<br><br>Defendants. | Case No: C 11-02484 SBA<br><br>**ORDER TRANSFERRING VENUE** |

Pro se Plaintiff Marie Minichino ("Plaintiff") brings the instant action against various defendants allegedly involved in efforts by Wells Fargo Bank ("Wells Fargo") to foreclose on two of her properties located in Kihei, Hawaii. For the reasons that follow, the Court, in the interests of justice, sua sponte transfers the action to the District of Hawaii, pursuant to 28 U.S.C. § 1406, or alternatively, 28 U.S.C. § 1404(a).

## I. BACKGROUND

On May 17, 2011, Plaintiff filed a ninety-page Complaint in this Court along with a request to proceed in forma pauperis. Dkt. 1. On June 10, 2011, Plaintiff filed an Amended Verified Complaint against the following Defendants: (1) Manana Sutidze; (2) David Sutidze; (3) William Caterina; (4) Johann Caterina; (5) Shaka Pizza; (6) Coldwell Banker; (7) Previews Int.; (8) Shore to Shore Realty; (9) Wells Fargo; (10) Peter Stone; (11) Carmalita Omli; (12) Al Imamura; (13) Robert Cella; (14) First American Title; (15) Island Title; (16) Yvienne Peterson; (17) Windemere Real Estate Co.; and (18) Yuriko Sugimura ("Sugimura").[1]

Although the pleadings are not a model of clarity, Plaintiff's claims appear to arise from the allegedly "illegal sale" of her home located at 3531 Lanihou Place, Kihei, Hawaii ("3531 Lanihou"), as well as another property located at 214 Luakaha Circle, Kihei, Hawaii ("214 Luakaha"). Am. Compl., Dkt. 7 at 3. Plaintiff avers that she is the trustee of the Gaetano Trust and is the owner of the aforementioned properties.

In March 2009, Manana and David Sutidze allegedly transferred 3531 Lanihou and 214 Luakaha from the Gaetano Trust to Manana Sutidze without payment of consideration. Id. at 4-5.

In October 2010, Defendant Wells Fargo commenced a foreclosure action against Plaintiff, apparently involving both of her properties. Id. at 7. In the course of that process, Wells Fargo sought to have Plaintiff evicted from her home at 3531 Lanihou and destroyed all of her furniture. Id. at 8. Plaintiff alleges that she informed Well Fargo and its attorneys that there was no "valid loan" on her property, and that the foreclosure action was improper. Id. Nevertheless, she asserts that Wells Fargo proceeded with the sale of both properties. Id. According to the Amended Complaint, the remaining Defendants—realtors,

---

[1] Plaintiff appears to reside in and be a citizen of the State of Hawaii. Although her Complaint and Amended Complaint indicate a Post Office Box in Sausalito, California, as her return address, her most recent submission indicates an address in Kihei, Hawaii. Dkt. 7. In addition, the Chapter 13 bankruptcy petition filed by Plaintiff in the United States Bankruptcy Court for the District of Hawaii (Case No. 11-01628) indicates that Plaintiff currently resides in Hawaii.

brokers, attorneys and title companies, among others—were involved in the allegedly illegal foreclosure.

The Amended Complaint alleges claims for: (1) mail and wire fraud, 18 U.S.C. §§ 1341, 1343; (2) fraud; (3) breach of fiduciary duty; (4) "neglect and misrepresentation"' (5) undue influence; and (6) theft of property and conspiracy to defraud. Plaintiff, however, has requested the Court to stay the action on the ground that she currently has a bankruptcy action pending in the United States Bankruptcy Court for the District of Hawaii. See In re Marie N. Minichino, U.S. Bankruptcy Court, Dist. of Haw., No. 11-01628.

## II.  DISCUSSION

### A.  REQUEST TO STAY

Title 11, United States Code, section 362(a)(1) prohibits the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title. . . ." (emphasis added). The Ninth Circuit has clarified that "the automatic stay is applicable only to proceedings *against the debtor*." In re Miller, 397 F.3d 726, 729 (9th Cir. 2005) (emphasis added). Here, the instant action was commenced by Plaintiff and is not "against the debtor." Thus, the Court denies Plaintiff's request for a stay.

### B.  VENUE

In federal question cases, venue is proper in the following districts: (1) if all Defendants reside in the same state, a district where any defendant resides; (2) a district in which a substantial part of the events or omissions on which the claim is based occurred; or (3) if there is no district in which the action may otherwise be brought, the district in which any defendant may be found. 28 U.S.C. § 1391(b). If venue is improper, a district court, in its discretion, may dismiss or transfer the action under 28 U.S.C. § 1406(a). See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992). Venue may be raised sua sponte where, as here, the defendants have not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Even where venue is proper under § 1391, a district court may transfer the case to another district for the convenience of the parties and witnesses. See 28 U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may sua sponte transfer an action under § 1404(a). See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993).

The Northern District of California is the wrong venue for this action. The properties that form the basis of this action are located in Hawaii. Though residence of each of the Defendants is not expressly alleged in the Amended Complaint, it is clear from the pleadings that the alleged conduct of these parties transpired in Hawaii as well. Thus, under § 1391(b)(2), venue is proper in the District of Hawaii. Alternatively, even if venue were proper in this District, it is readily apparent that the District of Hawaii is a more convenient forum for the parties and witnesses in light of the fact that all of the operative events allegedly occurred there.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT the instant action is TRANSFERRED to the District of Hawaii. The Clerk shall close the file.

IT IS SO ORDERED.

| 1 | Dated: February 21, 2012 | |
|---|---|---|
| 2 | | SAUNDRA BROWN ARMSTRONG<br>United States District Judge |

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MARIE MINICHINO,

       Plaintiff,

 v.

MANANA SUTIDZE et al,

       Defendant.
_____/

                                      Case Number: CV11-02484 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marie Minichino
P.O. Box 639
Sausalito, CA 94965

Dated: February 21, 2012
                                 Richard W. Wieking, Clerk

                                       By: Lisa Clark, Deputy Clerk